The opinion of the court was delivered by
Tilghman, C. J.
This action was brought by Thomas Bull, the plaintiff below, against Malin and Bartholomew, executors of Michael Gunkle, deceased. The declaration contained two counts, one of which was on an assumption by the testator in his lifetime, the other on an assumption by the defendants, as executors, in consequence of a transaction by the testator in his lifetime. The following is the substance of the last count. Thomas Bull, the plaintiff, and Michael Gunkle, the testator, being managers of “ the little Conostoga turnpike company,” were negotiating a loan of one thousand dollars for the use of the company from Joseph II. Brinton, and offered him the bond of the company as security. This, Brinton refused, but was willing to accept the bond, of a certain Ephraim Allen, deceased. In consequence of this proposal, Bull and Gunkle prevailed upon Allen to give his bond to Brinton for one thousand dollars, and promised to indemnify him. Brinton, having received 'Allen’s bond, gave him the thousand dollars, which Allen paid to the treasurer of the company, and took their bond to himself for the same amount. Some time after, Allen gave up the bond of the company, and the debt of one thousand dollars was included in another bond for ten thousand dollars, given by the company to Isaiah Kirk and Randolph Harley in trust for Allen and other creditors of the company. This bond was never paid. Brinton brought suit, and recovered. against Allen on his bond; and the executors of Allen brought suit against Bull, and recovered against him for breach of the promise of indemnity given by him and Gunkle, who was then dead. The executors of Gunkle being thus liable to contribute one half of what was recovered against Bull, on the joint promise of him and Gunkle, the present action was brought against them. On the trial of the cause in the court below, the counsel of the defendants requested the court to charge the jury, “that if they should be of *442 opinion that the bonds of the company were given to Mien, without the knowledge or consent of Gunkle, then Gunkle was discharged from his promise of indemnity, and his executors were not liable.” The court instructed the jury, “ that supposing Gunkle to be considered as a surety for the company to Mien, if Mien, without the knowledge or consent of Gunkle, gave up the first bond of the company, and included his debt in another bond, by which the time of payment was enlarged, or the contract with the company altered, Gunkle would be discharged. But whether that was the case, the jury would judge from the evidence.” The judge then made some observations on the evidence, by which it appeared that in his opinion the defendants had not made out their ease; and concluded with saying, that it was incumbent on the defendants to prove that the second bond taken by Mien from the company, was materially variant from the first, and if they had failed in this proof, or even if they had proved it, and the second bond was taken with the approbation of Gunkle, in either case, the plaintiff was entitled to recover in this action. To this charge the counsel for the defendants excepted; and has contended before us that it was erroneous.
When the president considered Bull and Gunkle in the light of sureties for the bank, he viewed the matter according to the truth of the case. Bull arid Gunkle were managers of the company. The money borrowed of Brinton was paid to the treasurer of the company; and there can be very little doubt that Bull and Gunkle, being managers, must have known and consented to the giving up the first bond, and the execution of the second. But suppose they were not privy to it, what more could the judge say than he did ? He told the jury, that if the contract was changed without the consent of Gunkle, he was discharged; otherwise he remained responsible.'. The charge was right, and if the jury found against the evidence, there is no relief in a court of error. But the defendants have assigned other errors, appearing, as they suppose, on the record, and unconnected with the charge. And,
1. They say that the declaration is bad, because it does not aver, that assets of Gunkle came to the hands of the defendants, and therefore their promise was nudum pactum. If the defendants had been charged personally, there might have been something in this objection; but they are not. Their assumption is expressly laid as executors, on a consideration the ground of which was laid in the life of the testator. In such case, the plaintiff need not allege assets, but the defendant may plead want of assets. Suppose a testator gives a bond, or note, and dies before the time of payment, — the liability of the executor commences at the time of payment, and not before. But the demand against him being clearly in the capacity of executor, the judgment against him will be as executor, that is to say, de bonis testaforis. That was just •the case here,'and the judgment was de bonis iestatoris. If in *443 deed, the executor having assets, makes a personal promise to pay, he may be sued personally, and the judgment will be against him personally. There, assets must be proved; but whether, after verdict, the judgment would be arrested, because assets were not averred in the declaration, it is unnecessary to consider, because the defendants are not charged personally. The declaration, therefore, is good enough.
2. It is objected to the declaration, that it is not alleged that notice was given by the plaintiff to the defendants, of the suit brought against him by Allen’s executors. Such an allegation was not necessary. If notice had been given, the defendants would have been estopped from controverting the judgment in that suit. But if no notice was given, the plaintiffs might still have their action against the defendants for contribution; but it would be open to the defendants to show, that Allen’s executors ought not to have recovered against the plaintiffs. And of this right they availed themselves, as plainly appears by the present record. They endeavoured to prove facts, which would have gone to the discharge both of Gunkle and of the plaintiffs from all responsibility to Allen.
3. The last exception is, that the judgment was erroneous, because a count on an assumption by the testator in his lifetime, cannot be joined with one founded on an assumption by the executor after his death. There is no incongruity in these two assumptions, and the same judgment is given on both, viz. de bonis testatoris. It might be otherwise, if the counts required different judgments, one de bonis testatoris, the other de bonis propriis of the executor. .The rule of law is, that the judgment is the criterion as to the joining of counts. There cannot be two different judgments in one action; but counts which require the same judgment maybe joined. I am of opinion that there is no error in this record, and therefore the judgment should be affirmed.
Judgment affirmed-